**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: Katherine Ann Kovich<br>　　Debtor.<br>_____/ | Case No. 8:16-bk-08465-CPM<br>Chapter 7 |
| JANE ELIZABETH WATSON,<br>　　Plaintiff, | |
| v. | Adv. Proc. No. 8:16-ap-00908-CPM |
| KATHERINE ANN KOVICH,<br>　　Defendant.<br>_____/ | |

## MOTION TO DISMISS

KATHERINE ANN KOVICH, Defendant, by and through the undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(6), hereby files this *Motion to Dismiss*. In support thereof, Defendant states as follows:

1. JANE ELIZABETH WATSON, Plaintiff, filed this adversary proceeding on December 21, 2016, alleging that the debt owed to Plaintiff, as scheduled by Defendant in bankruptcy case 8:16-bk-08465-CPM, should be nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

2. A debt may be held to be nondischargeable if it was "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by – false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A).

## STANDARD OF REVIEW

3. The party challenging the dischargeability of a debt bears the burden of proving that there was a false pretense, a false representation, or actual fraud. *Hennessy Cadillac, Inc. v. Green (In re Green)*, 5 B.R. 247, 250 (Bankr. N.D. Ga. 1980) (Robinson, Jr., W.).

4. Exceptions to discharge are to be strictly construed against the plaintiff and liberally in favor of the defendant. *Schweig v. Hunter (In re Hunter)*, 780 F.2d 1577, 1579 (11th Cir. 1986).

5. In reviewing a motion to dismiss a court must accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *White v. Whittle (In re Whittle)*, 449 B.R. 427, 428 – 9 (Bankr. M.D. Fla. 2011) (Jennemann, K.). However, this tenet is inapplicable to legal conclusions couched as factual allegations. Threadbare recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 – 50 (2009).

6. While legal conclusions can form the framework for a complaint, they must be supported by factual allegations that create a reasonable inference of wrongdoing above the speculative level, known as the plausibility standard. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 – 5 (2007).

7. The plausibility standard requires more than a sheer possibility the defendant acted unlawfully. When a complaint "pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility.'" *Ashcroft*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007)).

**FALSE PRETENSE, FALSE REPRESENTATION, AND ACTUAL FRAUD**

8. Plaintiff cannot prevail under 11 U.S.C. § 523(a)(2)(A) because the Complaint contains no factual allegations regarding the false representation allegedly made by Defendant. As such, the Plaintiff has failed to state a cause of action and the Complaint must be dismissed. *AT&T Universal Card Servs. Corp. v. Acker (In re Acker)*, 207 B.R. 12, 16 (Bankr. M.D. Fla. 1997) (Proctor, G.).

9. To prove actual fraud under 11 U.S.C. § 523(a)(2)(A), a plaintiff must demonstrate each of the following elements by a preponderance of the evidence: (i) the defendant made a materially false representation, (ii) at the time the representation was made the defendant knew it to be false, (iii) the representation was made with intent to deceive the plaintiff, (iv) the plaintiff relied on the defendant's representation, and (v) the plaintiff sustained damages as a result of the defendant's representation. *Id*.

10. To prevail, Plaintiff is required to prove each and every element. The failure to sufficiently plead even one component is detrimental to the cause of action and the court "need not address the other elements." *In re Landen*, 95 B.R. 826, 829 (Bankr. M.D. Fla. 1989) (Proctor, L.).

11.     The Complaint alleges that a jury found the Defendant guilty of common law fraud, but does not allege any of the facts upon which that verdict was rendered. (Doc. No. 1; Pl.'s Complaint, Para. 7).

12.     Not only does the Complaint lack any facts, but it's use of the term "common law fraud" implies that whatever facts the verdict was based on, did not rise to the level upon which a debt would rendered nondischargeable under the bankruptcy code. *See In re Green*, 5 B.R. 247, 249 (Bankr. N.D. Ga. 1980) (Robinson, H., Jr.) ("A false representation… must be of a kind involving moral turpitude or intentional wrong. Fraud implied by law, which may exist without imputation of bad faith or immorality is insufficient.").

13.     In the Complaint, Plaintiff attempts to lay the framework for false representation, false pretense, or actual fraud, however the allegations set forth are nothing more than basic recitals of the five elements. The Complaint lacks factual support and is not plead with the particularity required to give rise to a plausible presumption of fraud. Fed. R. Bankr. P. 7009.

14.     Most demonstrative is Paragraph 8 of the Complaint (Ap. Doc. No. 1), which simply recites the first and fourth elements, stating, "[Defendant] falsely represented ability and intent to repay Plaintiff, and Plaintiff reasonably relied upon such representations to her detriment."

15.     This bare-bones allegation fails to satisfy the first element because it does not identify the content of the materially false statement or representation made by Defendant upon which Plaintiff claims to have relied.

16.     The substance of Defendant's alleged statement is essential to the Court's ability to render judgment in favor of Plaintiff. For example, if the statement was one respecting the debtor's or an insider's financial condition, it would still be dischargeable pursuant to the clear language of 11 U.S.C. § 523(a)(2)(A).

17.     Plaintiff's failure to sufficiently and particularly set forth any factual support that could give rise to a viable claim of nondischargeability based on actual fraud requires the dismissal of this action. *Fed. Trade Comm'n v. Black (In re Black)*, 95 B.R. 819, 824 (Bankr. M.D. Fla. 1989) (Paskay, A.).

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice, that the debt be deemed dischargeable, that Defendant be awarded attorney's fees pursuant to 11 U.S.C. § 523(d), and for any further relief the court deems fair and just.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on or before February 17, 2017, a true and correct copy of the foregoing was furnished via CM/ECF electronic notice to David A. Garside, 4040 Shoreside Cir., Tampa FL 33624.

>*/s/ Kenneth R. Case*
>Kenneth R. Case
>Florida Bar No. 883840
>Brown & Associates Law & Title, P.A.
>11373 Countryway Blvd.
>Tampa, FL 33626
>T: (813) 289-8485
>F: (813) 855-8485
>E: kenny@brownalt.com