**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IN RE: KATHERINE ANN KOVICH,           Case No: 8-16-bk-08465-CPM
                 Debtor.                              Chapter 7
_____/

JANE ELIZABETH WATSON,

         Plaintiff,

v.                                                    Adv, No. 16- 908-CPM

KATHERINE ANN KOVICH,

         Defendant.
_____/

### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, Jane Elizabeth Watson, by and through the undersigned counsel, hereby moves for summary judgment against the Defendant, and respectfully represents as follows:

#### Background

1. Pre-petition, on or about May 2, 2008, the Plaintiff commenced an action in state court, the Circuit Court of the 12th Judicial Circuit in and for Desoto County, Florida Case No. 08 CA 443 ( State Court Suit). A copy of the Complaint is attached hereto as Exhibit A.

2. A week long jury trial was held in the state court on or about May 6, 2013 and the jury found for the Plaintiff. After a week long trial the jury found that the greater weight of the evidence showed that the Defendant made false statements of material facts to Plaintiff to induce her to invest in Defendant's company, or otherwise to loan her money, and that the Defendant knew the statement(s) to be false when she made them.

3. Further that the Defendant intended that the Plaintiff would rely on the false statements and that the greater weight of the evidence showed that the Plaintiff relied on the false statement(s) and suffered damages as a result of that reliance.

4. A Final Judgment for Plaintiff was entered on May 13, 2013 which is attached hereto as **Exhibit B** ( Final Judgment ) pursuant to a Interrogatory Verdict Form which is attached hereto as **Exhibit C**.

## Legal Arguments

5. Collateral Estoppel or issue preclusion bars the re-litigation of the facts in this adversary proceeding. **In Re St. Laurent, 991 F. 2d 672, 675-76 ( 11th Cir. 1993).** (" collateral estoppel principles apply to dischargeability proceedings ... and may bar a bankruptcy judge from relitigating factual issues previously decided in state court...").

6. Under Florida law, four elements must be present to establish collateral estoppel: " (1) the issue at stake must be identical to the one decided in the prior litigation; (2) the issue must have been actually litigated in the prior proceeding; (3) the prior determination of the issue must have been a critical and necessary part of the judgment in that earlier decision; and (4) the standard of proof in the prior action must have been at least as stringent as the standard of proof in the later case. " **St Laurent, 991 F. 2d at 676 ( citatations omitted).**

7. All the elements are met above and the Debtor is collaterally estopped from the Final Judgment .

8. The Interrogatory Verdict Form, **Exhibit C**, clearly shows that the jury found:

   a. that the greater weight of the evidence showed that the Debtor intentionally made a false statement of a material fact or facts to the Plaintiff in order to induce her to invest in Debtor's company;

   b. that the greater weight of the evidence showed that the Debtor knew the statement(s) were false when she made them or made the statements knowing she was without knowledge of the truth or falsity of the statements;

   c. that the greater weight of the evidence showed that when the Debtor made the false statement(s) she intended that the Plaintiff would rely on the statement(s);

   d. that the greater weight of the evidence showed that Plaintiff relied on the false statement(s) of the Debtor;

   e. that the Plaintiff suffered damages as a result.

**WHEREFORE**, Plaintiff seeks: (1) summary judgment against the Debtor, (2) a final judgment declaring Plaintiff's debt non-dischargeable, and (3) for such other and further relief as the Court deems appropriate.

_____
DAVID A. GARSIDE, ESQ.
4040 Shoreside Circle
Tampa, Fl 33624
FBN: 346314
Telephone (813) 340-8822
Email: dsgarside1@yahoo.com
Attorney for :Plaintiff Jane Elizabeth Watson

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served electronically or by US Mail upon Kenneth Case, Esq,. 11373 Countryway Blvd, Tampa, Fl 33626, on Sept 6 2017.

_____
David A. Garside, Esq

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR DeSOTO COUNTY, FLORIDA

JANE ELIZABETH WATSON,

    Plaintiff,

v.

CASE NO. 08CA443

LIVE LONGER @ HOME HEALTH CARE
SERVICES, INC., REBEKAH GALLOWAY
BURTSCHER, BRIAN A. BURTSCHER and
KATHERINE KOVICH,

    Defendants

**FILED**

MAY 02 2008

Mitzie W. McGavic
Clerk of Courts

_____/

## VERIFIED COMPLAINT, DEMAND FOR TRIAL BY JURY AND REQUEST FOR TEMPORARY INJUNCTION

COMES NOW the Plaintiff, JANE ELIZABETH WATSON, by and through her undersigned attorneys William T. Kirtley, P.A., as counsel, and Mack Law Firm Chartered, as associate counsel, and as her Complaint against Defendants LIVE LONGER & HOME HEALTH CARE SERVICES, INC., REBEKAH GALLOWAY BURTSCHER, BRIAN A. BURTSCHER and KATHERINE KOVICH and states as follows:

### I. PARTIES, JURISDICTION AND VENUE

1.    This is an action for money damages in excess of $15,000.00.

2.    The Plaintiff, JANE ELIZABETH WATSON (herein the "Plaintiff") is a resident of Arcadia, DeSoto County, Florida and has been a resident for more than ten years preceding the filing of this Verified Complaint.

Exhibit A

3. Defendant LIVE LONGER @ HOME HEALTH CARE SERVICES, INC. (herein "Live Longer"), on the basis of information and belief, is a corporation formed and existing pursuant to the laws of the State of Florida and having its principal place of business in DeSoto County, Florida. Defendant REBEKAH GALLOWAY BURTSCHER (herein "Rebekah Burtscher") and BRIAN A. BURTSCHER (herein "Brian Burtscher"), on the basis of information and belief are residents of DeSoto County, Florida and have in the past and presently serve as officers and directors of Live Longer and, on the basis of information and belief, are the principal controlling voting shareholders of Live Longer. KATHERINE KOVICH (herein "Kovich"), also on the basis of information and belief, is a resident of DeSoto County, Florida and has been in the employ of Live Longer and has acted on behalf of Live Longer and Rebekah Burtscher and Brian Burtscher as alleged herein. Kovich is also a shareholder of Live Longer.

4. Live Longer has in the past and presently is believed to conduct a home health care service business and is a licensed agency for home health care by the State of Florida for the Florida counties of Charlotte, Collier, DeSoto, Glades, Hendry, Lee and Sarasota.

5. During all times material to the allegations made by this Complaint, the Plaintiff provided employment and administrative services to Live Longer and such services were provided in connection with the carrying out of the home health care business of Live Longer and related activities. The Plaintiff performed such services under the general supervision of Rebekah Burtscher.

6. This action is being brought in the Circuit Court of the 12th Judicial Circuit in and for DeSoto County, Florida in that substantially all of the acts which are the basis for the claims herein

asserted by the Plaintiff and the allegations made in support of such claims occurred in DeSoto County, Florida.

7. Jurisdiction of the subject matter of this Complaint as to the Defendants named herein is vested in this Court by virtue of the DeSoto County, Florida residence of the Plaintiff and, on the basis of information and belief, all of the Defendants; and as a result of the conduct of the Defendants vis-a-vis the Plaintiff which occurred in its entirety in DeSoto County, Florida. Jurisdiction of the Defendants named herein is also vested in this Court by virtue of Chapter 48.193(a) and 48.193(b), Florida Statutes, as amended.

## II. BACKGROUND INFORMATION

8. As earlier plead, the Plaintiff provided employment and administrative services to Live Longer and such services were provided in connection with the carrying out of the home health care business of Live Longer and related activities. The Plaintiff performed such services under the general supervision of Rebekah Burtscher.

9. During the course of her employment and the providing of services to Live Longer, the Plaintiff was induced to make a series of investments in the equity and debt securities of Live Longer as a result of the material misrepresentations made by some or all of the Defendants as subsequently alleged in this Complaint. In connection with the making of such investments by the Plaintiff in the equity and debt securities of Live Longer, some or all of the Defendants also failed to provide to the Plaintiff information that was material to her decision to consummate such transactions. The aggregate investment of the Plaintiff made in the equity and debt securities of Live Longer is in excess of $500,000.

10. During the course of providing employment services to Live Longer, the Defendants, primarily through the conduct of Rebekah Burtscher, indicated to the Plaintiff that Live Longer was in need of capital in order to fund its operations, develop its home health care business and meet its on-going obligations.

11. As a result of representations made primarily by Rebekah Burtscher and to a lesser degree the other named Defendants herein on behalf of Live Longer, the Plaintiff was induced to invest in the common stock of Live Longer and to make a series of loans and/or advances to Live Longer. As alleged earlier herein, the amount invested by the Plaintiff in such common stock and loan transactions with Live Longer is in excess of $500,000.

12. In inducing the Plaintiff to effect such investments in the common stock and the debt securities of Live Longer, one or more of the Defendants represented to the Plaintiff that:

A. Live Longer would be making millions of dollars in revenues and/or profits within a period of 12 months;

B. Such revenues and/or profits would materialize in the form of cash at a time when Live Longer obtained its Medicare and Medicaid numbers, thereby permitting Live Longer to lawfully conduct a home health care business in the counties earlier identified in this Complaint;

C. Defendants Rebekah Burtscher and Katherine Kovich had many, many years of experience in opening and managing home health care agencies;

D. Live Longer intended to shortly open additional home health care agencies in locations in the state of New York and the city of Las Vegas and others and other locations;

4

E. As a result of the shortly anticipated revenues and profits which would be realized in the form of cash by Live Longer, the Plaintiff would receive substantial amounts of income and could become less dependent on the income she receives from [her late husband's estate] which is the only significant source of on-going income for the Plaintiff;

F. The only "outside shareholder" other than the Plaintiff in Live Longer was a businessman originally from New Jersey who had owned a manufacturing plant and that such outside shareholder was an astute and experienced businessman;

G. Brian Burtscher was the number one marketer with respect to home health care services in the Port Charlotte, Florida area and created at least thirty (30) referrals a day for the providing of home health care services by Live Longer;

H. Rebekah Burtscher had personal friendships with a great many doctors in the Port Charlotte, Florida area and that such doctors would be a significant source of referral for the home health care services intended to be offered by Live Longer;

I. Live Longer was the number one home health care agency in the State of Florida;

J. Live Longer had been rated "A-1" by Standard & Poors; and

K. While the State of Florida had imposed a moratorium with respect to the issuance of new authorities for home health care providing agencies, such moratorium did not apply to Live Longer.

The foregoing representations constituted misrepresentations of material information which was relied upon by the Plaintiff in making the investments earlier described in this Complaint.

5

13. In addition to making the affirmative misrepresentations of material information, the Defendants, in connection with the investments in the equity and debt securities of Live Longer made by the Plaintiff, withheld material information from the Plaintiff, that being that the Defendants, primarily Rebekah Burtscher, were, in fact, utilizing the funds provided by the Plaintiff to Live Longer to cover her own personal expenses, to pay for the costs of travel which had nothing to do with the then present or intended business activities of Live Longer and to fund the personal activities of Rebekah and Brian Burtscher, including their acquisition of real estate located in DeSoto County, Florida and their personal expenses, including those expenses attendant to the operation of the ranch property being acquired by Rebekah and Brian Burtscher.

14. From time to time the Plaintiff would request of the Defendants that she be furnished with financial information which would reflect the financial condition and operations of Live Longer but such repeated requests were refused primarily by Rebekah Burtscher.

15. The conduct of the individual Defendants named herein, acting on behalf of Live Longer, as to the misrepresentations and the withholding of material information attendant to the Plaintiff's investments in Live Longer was carried out with an intentional and knowing state of mind with the knowledge and intent that such conduct would cause financial harm to the Plaintiff.

16. The Plaintiff reasonably relied on the misrepresentations of material information made by the Defendants and which induced the Plaintiff to make the investments in the equity and debt securities of Live Longer. Such investments would not have occurred but for such material misrepresentations made by the individual Defendants and the withholding by the individual Defendants of material information which was necessary in order that the Plaintiff make an informed decisions as to the investments she made in Live Longer.

17. The Plaintiff hereby demands trial by jury on all issues so triable and set forth and presented in this Complaint.

## COUNT I

## VIOLATION OF CHAPTER 517, FLORIDA STATUTES, AS AMENDED

18. The Plaintiff realleges, reaffirms and adopts the allegations contained in paragraphs 1 - 17 of this Complaint as if fully set further herein.

19. The conduct of the Defendants, and particularly the individual Defendants acting for the benefit of themselves and Live Longer, constitutes violations of the antifraud provisions of Chapter 517, Florida Statutes, as amended, the Florida Securities and Investor Protection Act ("FIPA") in that the common stock and loan transactions which the Plaintiff was fraudulently induced to purchase or enter into constitute securities as defined in FIPA and with respect to the loan transactions constitute the fraudulent sale of an "interest in a profit making scheme" which is one of the definitions of a security utilized in FIPA.

WHEREFORE, the Plaintiff demands judgment against the Defendants and each of them for rescissionary and compensatory damages in such amount as the jury deems reasonable and adequate and for interest thereon and for an award of reasonable attorneys' fees and costs as is permitted by the provisions of FIPA.

## COUNT II

## COMMON LAW FRAUD

20. The Plaintiff realleges, reaffirms and adopts the allegations contained in paragraphs 1 - 17 of this Complaint as if fully set forth herein.

21. The conduct of the individual Defendants Rebekah and Brian Burtscher and Katherine Kovich, acting on behalf of the corporation Defendant, Live Longer, constitute a grossly negligent and reckless course of conduct on their part which was in wanton disregard for the financial and other well being of the Plaintiff, such conduct being tantamount to an intentional state of mind to defraud the Plaintiff, intending at all times material that the Plaintiff rely upon the misrepresentations of material information made by the individual Defendants for the betterment of Live Longer and themselves. The conduct of the individual Defendants constitutes scienter. Such conduct results in a fraud being perpetrated on the Plaintiff, creating a valid claim resting in theories of Florida common law fraud.

WHEREFORE, the Plaintiff demands judgment against the Defendants and each of them for compensatory damages in such amount as the jury deems reasonable and adequate and for such other damages which the Court may later determine as appropriate, together with interest and costs thereon.

## PRAYER FOR A TEMPORARY AND PERMANENT INJUNCTION

The Plaintiff also requests that the Court immediately issue on an emergency basis a temporary injunction restraining the Defendants, particularly Rebekah and Brian Burtscher from misapplying, wasting, disposing and diverting the liquid and other assets of Live Longer and, on the

basis of her personal knowledge, states to the Court that such immediate emergency temporary injunction is necessary in that:

    A.    The Defendants have diverted the liquid assets of Live Longer in order to pay their personal expenses, including the swimming pool service and the cleaning services regularly performed at the personal residence of Rebekah and Brian Burtscher;

    B.    The Defendants have used the liquid assets of Live Longer to pay the mortgage payments on the personal residence of Defendant Katherine Kovich;

    C.    The Defendants have used the liquid and other assets for the payment of the installments due under a real estate contract with respect to which Rebekah and Brian Burtscher are the purchasers and which relates to the acquisition of a ranch real estate property located in DeSoto County, Florida (the "Ranch");

    D.    The Defendants Brian and Rebekah and Brian Burtscher have utilized the liquid and other assets of Live Longer to pay the property taxes with respect to the Ranch and to fund the operational expenses of the Ranch, including, but not limited to, the purchase of horse feed and hay from local Arcadia, Florida sources of supply, as well as paying the salaries of workmen who are working at the Ranch;

    E.    The Defendants Rebekah and Brian Burtscher have used the liquid and other assets of Live Longer for personal travel expenses, such travel having nothing to do with the business of Live Longer; and

    F.    Rebekah and Brian Burtscher have utilized the liquid and other assets of Live Longer to acquire personal items such as jewelry and firearms.

A substantial portion of the liquid funds diverted and misapplied by the Defendants were provided to Live Longer as a result of the Plaintiff's investment in the common stock and debt securities of Live Longer as earlier alleged in this Complaint.

As indicated, Plaintiff requests that the Court issue such temporary injunction on an emergency, immediate basis to prevent further wasting and diversion of the corporate assets of Live Longer and that subsequent to the issuance of such temporary injunction that the injunction be made permanent in accordance with the procedures deemed appropriate by the Court, including a hearing on the matter.

Respectfully submitted,

| | |
|---|---|
| WILLIAM T. KIRTLEY, P.A.<br>2042 Bee Ridge Road<br>Sarasota, Florida 34239<br>941/925-8555<br>941/925-7927 (FAX)<br>Counsel for the Plaintiff<br><br>By _____<br>William T. Kirtley<br>Florida Bar No. 0244457 | MACK LAW FIRM CHARTERED<br>2022 Placida Road<br>Englewood, Florida 34224<br>941/475-7966<br>941/475-0729 (FAX)<br>Associate Counsel for the Plaintiff<br><br>By _____<br>Kerry E. Mack<br>Florida Bar No. 0337879<br>337897 |

10

## VERIFICATION

STATE OF FLORIDA
COUNTY OF SARASOTA

The undersigned, JANE ELIZABETH WATSON, is the Plaintiff named in the foregoing Complaint and prayer for temporary and permanent injunctive relief. The undersigned has carefully examined the allegations set forth in the Complaint and the prayer temporary and permanent injunctive relief and such are true and correct.

*/s/ Jane E. Watson*
JANE ELIZABETH WATSON

The foregoing was acknowledged before me this 21st day of May, 2008 by Jane Elizabeth Watson, who is personally known to me or who has produced _____ as identification and who took an oath.

*/s/ Catherine Scott*
NOTARY PUBLIC
My Commission Expires:

CATHERINE J. SCOTT
MY COMMISSION # DD 363647
EXPIRES: November 11, 2008
Bonded Thru Notary Public Underwriters

11

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR DESOTO COUNTY, FLORIDA
CIVIL DIVISION

**FILED**
MAY 15 2013
Mitzie W. McGavic
Clerk of Courts

JANE ELIZABETH WATSON,
    Plaintiff,

vs.                                CASE NO.: 08 CA 443

KATHERINE KOVICH,
    Defendant,
_____/

## FINAL JUDGMENT FOR PLAINTIFF

Pursuant to the verdict rendered in this action, and upon the authority of Monotty vs. Baudo, 42 So.3d 824 (Fla. App. 4th DCA 2010),

IT IS ADJUDGED that Plaintiff, JANE ELIZABETH WATSON, 803 W. Imogene Street, Arcadia, FL 34266, recover from Defendant, KATHERINE KOVICH, 9042 Egret Cove Circle, Riverview, FL 33578, last four digits of Social Security No.: ▓▓▓▓ the sum of $491,196.19, in addition to Attorney Fees in the amount of $23,835.29 and Costs in the amount of $4,838.79, making a total of $519,870.27, that shall bear interest at the legal rate per year and for all of which let execution issue.

ORDERED at Sarasota, Florida, this 13 day of May, 2013.

_____
The Honorable Charles E. Williams
Circuit Judge, Sarasota County, FL
Twelfth Judicial Circuit

✓Copies to: 5/13/13
Kerry E. Mack, Plaintiff's counsel
James Ogden, Defendant's counsel

Exhibit B

8/21/13 Jury Out 5:15 PM

TT

# IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
# IN AND FOR DESOTO COUNTY, FLORIDA

JANE ELIZABETH WATSON,

    Plaintiff,

vs.                                                                CASE NO.: 08 CA 443

LIVE LONGER @ HOME HEALTH CARE
SERVICES, INC., REBEKAH GALLOWAY
BURTSCHER, BRIAN A. BURTSCHER and
KATHERINE KOVICH,

    Defendants,
_____/

## INTERROGATORY VERDICT FORM

We, the jury, return the following verdict:

1. As to the claim of JANE ELIZABETH WATSON, concerning the issue of a violation of the Florida Securities and Investor Protection Act:

    A. Did the greater weight of the evidence in this case show that KATHERINE KOVICH, was an officer and/or director of LIVE LONGER @ HOME HEALTH CARE SERVICES, INC.?

    YES ✓                    NO ____

    If your answer to question A is NO, your verdict is for Katherine Kovich on this issue.

    If your answer to Question A is YES, please answer Question B.

    B. Did KATHERINE KOVICH directly or indirectly employ a device, scheme or artifice to have JANE ELIZABETH WATSON invest in LIVE LONGER @ HOME HEALTH CARE SERVICES, INC.?

    YES ✓                    NO ____

Exhibit C

Please answer Question C.

C. Did KATHERINE KOVICH directly or indirectly obtain the money of JANE ELIZABETH WATSON by means of any untrue statement of a material fact or omitted a material fact necessary in order to make the statement?

YES ✓        NO ___

Please answer Question D.

D. Did KATHERINE KOVICH directly or indirectly engage in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon JANE ELIZABETH WATSON at the time she made her investments in LIVE LONGER @ HOME HEALTH CARE SERVICES, INC.?

YES ✓        NO ___

If your answer to question B and C is NO, your verdict is for Katherine Kovich on this issue.
If your answer to questions A, and B or C is YES, your verdict is for Jane Elizabeth Watson on this issue.

Please answer Question E.

E. What is the total amount of any damages sustained by Jane Elizabeth Watson caused by the violation of the Florida Securities and Investor Protection Act?

Total damages of Jane Elizabeth Watson    $ 50,000.00

2. As to the claim of JANE ELIZABETH WATSON concerning common law fraud:

Does the greater weight of the evidence show that KATHERINE KOVICH intentionally made a false statement of a material fact or facts to JANE ELIZABETH WATSON in order to induce her to invest in LIVE LONGER @ HOME HEALTH CARE SERVICES, INC.?

YES ✓        NO ___

If your answer to Question A is NO, your verdict is for Katherine Kovich on this issue.

If your answer to Question A is YES, please answer question B.

B. Does the greater weight of the evidence show that KATHERINE KOVICH knew the statement was false when she made it or made the statement knowing she was without knowledge of its truth or falsity?

YES __✓__          NO_____

If your answer to Question B is NO, your verdict is for Katherine Kovich on this issue.

If your answer to Question B is YES, please answer Question C.

C. Does the greater weight of the evidence show that when KATHERINE KOVICH made the false statement she intended that JANE ELIZABETH WATSON would rely on the false statement?

YES __✓__          NO_____

If your answer to Question C is NO, your verdict is for Katherine Kovich on this issue.

If your answer to Question C is YES, please answer Question D.

D. Does the greater weight of the evidence show that JANE ELIZABETH WATSON relied on the false statement or statements of KATHERINE KOVICH?

YES __✓__          NO_____

If your answer to Question D is NO, your verdict is for Katherine Kovich on this issue.

If your answer to Question D is YES, please answer Question E.

E. Does the greater weight of the evidence show that JANE ELIZABETH WATSON suffered damage as a result?

YES __✓__          NO_____

If your answer to Question E is NO, your verdict is for Katherine Kovich on this issue.

If your answer to Question E is YES, please answer Question F.

F. What is the total amount of damages sustained by JANE ELIZABETH WATSON caused by the common law fraud?

Total damages of JANE ELIZABETH WATSON  $ 50,000

3. As to the claim of JANE ELIZABETH WATSON for breach of a Promissory Note:

A. Does the greater weight of the evidence show that KATHERINE KOVICH failed to perform her duties under the promissory note?

YES ✓          NO ____

If your answer to Question A is NO, your verdict is for Katherine Kovich on this issue.
If your answer to Question A is YES, please answer Question B.

B. Does the greater weight of the evidence show that KATHERINE KOVICH'S failure to perform was a legal cause of damage(s) sustained by JANE ELIZABETH WATSON?

YES ✓          NO ____

If your Answer to Question B is NO, your verdict is for Katherine Kovich.
If your Answer to Question B is YES, please answer Question C.

C. What is the total amount of damages sustained by JANE ELIZABETH WATSON caused by the breach of the promissory note?

Total damages of JANE ELIZABETH WATSON  $ 391,196  19

4. As to the claim of JANE ELIZABETH WATSON for breach of a confidential relationship:

A. Does the greater weight of the evidence show that a confidential relationship existed between KATHERINE KOVICH and JANE ELIZABETH WATSON?

YES ✓          NO ____

If your answer to Question A is NO, your verdict is for Katherine Kovich on this issue. You should proceed no further, and you should sign and date the verdict form.
If your answer to Question A is YES, please answer Question B.

B. Does the greater weight of the evidence show that KATHERINE KOVICH failed to act in good faith as an officer and/or director of LIVE LONGER @ HOME HEALTH CARE SERVICES, INC. and its investors when she participated in the formation of LIVE LONGER PHYSICIANS LLC?

YES __✓__        NO _____

If your answer to Question B is NO, your verdict is for Katherine Kovich and you should proceed no further, and you should sign and date the verdict form.

If your answer to Question B is YES, please answer Question C.

C. Did the greater weight of the evidence show the KATHERINE KOVICH violated her duty as an officer and/or director of LIVE LONGER @ HOME HEALTH CARE SERVICES, INC. when she participated in the formation of LIVE LONGER PHYSICIANS LLC?

YES __✓__        NO _____

If your answer to Question C is NO, your verdict is for Katherine Kovich and you should proceed no further, and you should sign and date the verdict form.

If your answer to Question C is YES, please answer Question D.

D. Did the greater weight of the evidence show that JANE ELIZABETH WATSON suffered damages as a result of the violation by KATHERINE KOVICH of her confidential relationship?

YES __✓__        NO _____

If your answer to Question D is NO, your verdict is for Katherine Kovich and you should proceed no further, and you should sign and date the verdict form.

If your answer to Question D is YES, please answer Question E.

E. What is the total amount of damages suffered by JANE ELIZABETH WATSON caused by the breach of the confidential relationship?

Total damages of JANE ELIZABETH WATSON  $ 50,000 00

SO SAY WE ALL this 21st day of March, 20__.

_____
Foreperson