**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**www.flmb.uscourts.gov**

| | |
|---|---|
| In re: Katherine Ann Kovich,<br>         Debtor.<br>_____/ | Case No. 8:16-bk-08465-CPM<br>Chapter 7 |
| JANE ELIZABETH WATSON,<br>         Plaintiff, | |
| v. | Adv. Proc. No. 8:16-ap-00908-CPM |
| KATHERINE ANN KOVICH,<br>         Defendant.<br>_____/ | |

**OPPOSITION TO PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT**

Defendant[1], KATHERINE ANN KOVICH, by and through the undersigned counsel, pursuant to Fed. R. Civ. P. 56, in response to Plaintiff's Motion for Summary Judgment (the "Motion") hereby files this *Opposition to Plaintiff's Motion for Summary Judgment*. In support thereof, Defendant states as follows:

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate where the "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Summary Judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). When assessing a Motion for Summary

---

[1] All references to "Defendant" include and refer to all listed defendants, unless otherwise specified.

Judgment, the Court must "review the evidence and all factual inferences drawn therefrom, in the light most favorable to the non-moving party." *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 918 (11th Cir. 1993).

## UNDISPUTED FACTS

On May 13, 2013, a Judgment was entered against Defendant in the Circuit Court of the 12th Judicial Circuit in and for DeSoto County, Florida, in case number 08-CA-000443, as recorded in the Public Records of DeSoto County at Book 22455, Page 1961 ("Judgment"). *See* Plaintiff's Motion, Exhibit "B." The Judgment was entered as the result of a jury trial held in March of 2013, which resulted in the production of an Interrogatory Verdict Form, attached to Plaintiff's Motion as Exhibit "C" ("Jury Form").

## DISPUTED FACTS

The Judgment and Jury Form were not based on the original Complaint attached to Plaintiff's Motion for Summary Judgment as Exhibit "A." Prior to entry of the Judgment, the Complaint was twice amended, with the final version being the Third Amended Complaint, which was allowed by order of the State Court on July 22, 2011.

Plaintiff fails to support the Motion's factual positions by citing to particular parts of materials in the record, as required by Fed. R. Civ. P. 56(c)(1)(B). The Motion states that, the Defendant "made false statements of material facts to Plaintiff to induce her to invest in Defendant's company, or otherwise to loan her money, and that the Defendant knew the Statement(s) to be false when she made them," and that "Defendant intended that the Plaintiff would rely on the false statements and that the greater weight of the evidence showed that Plaintiff relied on the false statement(s) and suffered damages as a result of that reliance." Defendant denies these allegations, neither of which are supported by the evidence.

**ARGUMENT**

Plaintiff's Motion relies on the theory of collateral estoppel to prove that the debt owed be Defendant to Plaintiff should be deemed non-dischargeable under 11 U.S.C. § 523(a)(2)(A) for actual fraud.

To prove actual fraud under 11 U.S.C. § 523(a)(2)(A), a plaintiff must demonstrate each of the following elements by a preponderance of the evidence: (i) the defendant made a materially false representation, (ii) at the time the representation was made the defendant knew it to be false, (iii) the representation was made with intent to deceive the plaintiff, (iv) the plaintiff relied on the defendant's representation, and (v) the plaintiff sustained damages as a result of the defendant's representation. *AT&T Universal Card Servs. Corp. v. Acker (In re Acker)*, 207 B.R. 12, 16 (Bankr. M.D. Fla. 1997) (Proctor, G.). The failure to prove even one of these components is detrimental to the cause of action and the court need not address the other elements. *In re Landen*, 95 B.R. 826, 829 (Bankr. M.D. Fla. 1989) (Proctor, L.).

The Judgment was based on four separate Counts, which combined to total $519,870.27 in damages. The Jury Form lists out all four Counts individual and details the findings of fact that the jury made in regards to each separate Count. By examining the findings of fact issued in the Jury Form are insufficient to support Plaintiff's theory of collateral estoppel.

### A. *Count I*

Count I was a violation of the Florida Securities and Investor Protection Act and resulted in a verdict of $50,000.00. The Jury Form admittedly checks off all five elements of actual fraud in regards to Count I, however the Jury Form fails to identify the context or content of the false statement of material fact that Defendant is alleged to have made.

The context and content of the alleged false statement is dispositive, because if Defendant's alleged false statement was respecting the financial condition of the Defendant or an insider it is an exception to non-dischargeability under 11 U.S.C. § 523(a)(2)(A). Defendant's Fourth Affirmative Defense raises this issue, which has not been addressed by the Motion and therefore the Motion must be denied. *See Stillman v. Travelers Ins. Co.*, 88 F.3d 911, 914 (11th Cir. 1996) (holding that summary judgment may not be entered when affirmative defenses are not challenged by the movant's motion).

Furthermore, because the evidence does not contain the content or context of the alleged statement, it Plaintiff cannot disprove Defendant's Fourth Affirmative Defense, and Plaintiff's collateral estoppel argument fails. As such, Summary Judgment should be entered in favor of the Defendant on Count I.

### B. Count II

Count II was for Common Law Fraud and resulted in a verdict of $50,000.00. While the Jury Form makes a finding that the Defendant made an untrue statement of material fact, it does not address any of the other four elements of actual fraud. The failure to make a finding of fact regarding all five elements is detrimental to Plaintiff's collateral estoppel argument and therefore Summary Judgment should be found in favor of the Defendant on Count II.

### C. Counts III and IV

Count III was for Breach of Promissory Note and resulted in a verdict of $391,196.19. Count IV was for Breach of Confidential Relationship and resulted in a verdict of $50,000.00. Neither of these Counts are a basis for non-dischargeability under 11 U.S.C. § 523(a)(2)(A) and therefore Summary Judgment should be found in favor of the Defendant.

However, assuming, arguendo, that Counts III & IV can be construed to have some basis for non-dischargeability, neither the Judgment nor the Jury Form make sufficient findings of fact under these Counts regarding all five of the required elements of actual fraud. Since there is insufficient factual findings to meet the evidentiary burden of all five elements, collateral estoppel may not be applied in this case and the Court should issue summary judgment in favor of the Defendant on Counts III and IV.

## CONCLUSION

The pleadings, affidavits, and other evidence before the Court are not sufficient to support Plaintiff's claim that there is no genuine issue of material fact and application of collateral estoppel. As a matter of law, Plaintiff is not entitled to Summary Final Judgment.

On the contrary, the lack of supporting facts makes it clear that the Court is unable to apply collateral estoppel as to any of the Four Counts at issue in this case. Therefore, Summary Final Judgment should be entered in favor of Defendant. Fed. R. Civ. P. 56(f).

WHEREFORE, Defendant respectfully requests this honorable Court enter Summary Final Judgment in favor of Defendant on all Counts, grant Defendant attorney's fees and costs, reserve jurisdiction to issue any orders necessary, and for any other relief deemed to be fair and just.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on or before September 20, 2017, a true and correct copy of the foregoing was furnished via CM/ECF electronic notice to David A. Garside, 4040 Shoreside Cir., Tampa FL 33624.

/s/ *Kenneth R. Case*
Kenneth R. Case, Esq.
FBN: 0073758
BROWN & ASSOCIATES LAW & TITLE, P.A.
11373 Countryway Blvd.
Tampa, FL 33626
T: (813) 289-8485
F: (813) 855-8485
E: courtdocuments@brownalt.com