**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

In re: Katherine Ann Kovich,　　　　　　　　　　Case No. 8:16-bk-08465-CPM
　　　　Debtor.　　　　　　　　　　　　　　　　　　Chapter 7
_____/

JANE ELIZABETH WATSON,
　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　Adv. Proc. No. 8:16-ap-00908-CPM

KATHERINE ANN KOVICH,
　　　　Defendant.
_____/

## DEFENDANT'S MEMORANDUM OF LAW

This Memorandum of Law is in opposition to Plaintiff's *Motion for Summary Judgment* (Doc. No. 20) (the "Motion") and in support of Defendant's *Opposition to Summary Judgment* (Doc. No. 21) (the "Opposition").

### SUMMARY OF FACTS

Plaintiff's *Complaint to Determine Dischargeability of Debt* (Adv. Doc. No. 1) (the "Complaint") seeks a determination that their debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). To support their position Plaintiff relies on a State Court issued *Final Judgment for Plaintiff* (Adv. Doc. No. 20, Exhibit B) ("Final Judgment") and the theory of collateral estoppel.

Defendant opposed the Plaintiff's attempt to classify their debt as non-dischargeable. Defendant argues that the Final Judgment contains only a declaration of monetary damages and does not explicitly state or incorporate by reference the basis for the damages, making it impossible to rely on the Final Judgment for purposes of collateral estoppel.

In an attempt to clarify the Final Judgment, Plaintiff presented an *Interrogatory Verdict Form* (Adv. Doc. No. 20, Exhibit C) ("Verdict Form"). The Verdict Form was created by Plaintiff's State Court Counsel and is therefore hearsay and inadmissible as evidence. However, the parties agreed that the Verdict Form provided some insight into what the monetary damages set forth in the Final Judgment may consist of and attempted to narrow down the issues.

By comparing and contrasting the Final Judgment, the Verdict Form, and the counts set forth in Plaintiff's *Third Amended Complaint*, (Adv. Doc. No. 38) ("State Court Complaint"), it became obvious that Count III was included in the Judgment, and because it was not based on fraud was not an exception to discharge. What remained uncertain was which two of the remaining three Counts were included in the damages. To try and resolve this issue, the Court requested clarification from the State Court.

The State Court thereafter issued its *Order Clarifying Final Judgment for Bankruptcy Court* (Adv. Doc. No. 37) ("Clarifying Order"). The Clarifying Order leaves no doubt that Count IV was included in the Final Judgment. Like Count III, Count IV was also a non-fraud based Count and therefore not an exception to discharge.

What remains unknown, is which of the two fraud counts, Count I and Count II, was the basis for the remaining $50,000.00 awarded in the Final Judgment. The Clarifying Order states that because only one set of damages may be awarded based on fraud, the Court only included one of those two counts in the final judgment, but it does not address which of those two was included.

Furthermore, the Clarifying Order does not provide the basis for the jury's verdict regarding either of the two fraud counts. Defendant's Opposition argues that because Plaintiff has failed to prove the content and context of the alleged fraudulent statement, the Plaintiff has failed to meet their burden of proof under § 523(a)(2)(A).

The State Court Complaint contains multiple alleged fraudulent statements. *See* Adv. Doc. No. 38, *State Court Complaint*, Para. 12(A) – (K). Under the express provisions of § 523(a)(2)(A), if the fraudulent statement was one respecting the debtor or an insider's financial condition it would not be an exception to discharge. Since many of the fraudulent statements that were alleged by the Plaintiff are related to the financial condition of Defendant, Plaintiff should have to prove that the statement upon which the jury relied was not one that would be required to be in writing under 11 U.S.C. § 523(a)(2)(B).

## ISSUES

1. For purposes of applying collateral estoppel, when it is unclear which of multiple counts was the basis for the prior court's award of damages, in whose favor must the bankruptcy court resolve the issue.

2. For purposes of applying collateral estoppel, when separate sets of facts were actually litigated, must the Plaintiff prove which facts they prevailed upon.

## ANALYSIS AND ARGUMENT

### *ISSUE NUMBER ONE*

The first issue to be resolved is which of the two fraud counts was the basis of the damages award in the Final Judgment. At first glance this may seem insignificant because both Count I and Count II are based on fraud and they both resulted in damages of $50,000.00. However, the distinction between the types of fraud alleged is extremely important and potentially dispositive.

The Court in *Schweig v. Hunter (In re Hunter)*, 780 F.2d 1577 (11th Cir. 1986) set forth the standards and framework within which a debt may be considered non-dischargeable under § 523(a)(2)(A). In *Hunter*, the Court held:

"Because of the very nature and philosophy of the Bankruptcy law the exceptions to dischargeability are to be construed strictly, and the burden is on the creditor to prove the exception.

The debtor must be guilty of positive fraud, or fraud in fact, involving moral turpitude or intentional wrong, and not implied fraud, or fraud in law, which may exist without the imputation of bad faith or immorality. The burden is on the creditor to prove the debtor's culpability by clear and convincing evidence." *Id.* at 1579 (*citations omitted*).

Count I of the State Court Complaint is for *Violation of Chapter 517, Florida Statutes, as Amended*, a finding of fraud under this count is statutorily constructed. Therefore, if the Final Judgment was based on Count I, it would be considered constructive fraud, implied fraud, or fraud in law, which is not an exception under § 523(a)(2)(A). As the court in *Hunter* explained above, to be an exception to discharge the fraud must be actual fraud, involving moral turpitude or intentional wrongdoing, not fraud in law. *Id* at 1579.

On the other hand, if the Final Judgment was based on Count II of the State Court Complaint, which was a Count for *Common Law Fraud*, then it would meet the definition of actual fraud under § 523(a)(2)(A). *See St. Laurent, II v. Ambrose (In re St. Laurent)*, 991 F.2d 672, 676 (11th Cir. 1993) (holding the elements of common law fraud in Florida closely mirror the requirements of § 523(a)(2)(A)).

In this case, rather than prove by clear and convincing evidence that the Final Judgment was based on Count II, Plaintiff instead asks the Court to simply infer and read into the Final Judgment the existence of actual fraud, where none explicitly exists. It is the Plaintiff's burden to prove the existence of the exception, and by failing to prove which of the two fraud Counts was actually encompassed by the Final Judgment, Plaintiff has failed to meet that burden. Absent clear and convincing evidence to support Plaintiff's claim, the facts should be viewed in the light most favorable to Defendant and Plaintiff's request for relief should be denied.

*ISSUE NUMBER TWO*

Even if the Court determines that the Final Judgment was based on Count II, Plaintiff has still failed to prove which alleged fraudulent statement the jury ultimately found Defendant guilty of making. The specific statement upon which Defendant was adjudicated guilty is significant because under the express provisions of § 523(a)(2)(A), if the statement was one respecting the debtor or an insider's financial condition it would not be an exception to discharge.

The State Court Complaint sets forth multiple false statements, some of which fall under § 523(a)(2)(A) and some of which fall under § 523(a)(2)(B). Compounding the problem is that the State Court Complaint does not make it clear which of the statements were alleged to have been committed by Defendant as opposed to the co-defendants. Thus far, Plaintiff has failed to provide any evidence as to which of the eleven alleged fraudulent statements the jury found Defendant guilty of making. Instead, once again, Plaintiff asks the Court to infer or assume that Defendant was found guilty of all statements of at least one of the statements falling under § 523(a)(2)(A).

Bankruptcy courts are only bound to give collateral estoppel effect to the fact finding of the state court when the three elements of issue preclusion are present. The second and third of those elements are that the issue was actually litigated and that the issue was a critical and necessary part of the judgment. *Sunco Sales, Inc. v. Latch (In re Latch)*, 820 F.2d 1163, 1166 (11th Cir. 1987).

There is no doubt that these issues were actually litigated, the parties engaged in litigation culminating in a trial by jury. As part of that litigation, Defendant filed an *Answer and Affirmative Defenses* (Adv. Doc. No. 38), in which Defendant denied all of the eleven alleged fraudulent statements. Although Defendant's denial put all of the alleged fraudulent statements at issue for the jury, it would have only been necessary for the jury to find Defendant guilty of as few as one

in order to render a verdict in favor of the Plaintiff. Without knowing what exactly Defendant was found guilty of, the possibility remains that the jury could have found Defendant guilty of making only a statement, or statements, that involved the financial condition of the debtor or an insider.

The content and context of the fraudulent statement is important because if the statement was financial in nature, § 523(a)(2)(B) requires the statement to be in writing, a requirement that would not have been at issue in the State Court under the common law fraud count. As a result, it would be improper to apply collateral estoppel because the third element requiring identical issues would not be present.

It may be helpful to compare the facts at issue in this case with the decision in *Lang v. Vickers, (In re Vickers)*, 247 B.R. 530 (Bankr. M.D. Fla. 2000) (Proctor, G.). In *Vickers* the court was faced with a state court judgment that failed to distinguish several independently adequate grounds to support a default judgment. The Court held that the default judgment conclusively established the elements of Plaintiff's common law fraud claim because a default judgment admits the truth of all material allegations contained in the complaint. *Id.* at 535 -536. By stark contrast, the Defendant here was not defaulted. In fact, Defendant expressly denied and actually defended against all of the allegations.

To apply collateral estoppel the outcome of the prior litigation must be identical in nature to the issues being litigated in this Court. The evidence presented by Plaintiff is still unclear as to the factual basis upon which the outcome of the prior litigation was decided. Any assumption made in favor of Plaintiff effectively and improperly shifts the burden of proof to Defendant. It is not Defendant's burden to prove the fraudulent statement falls outside the scope of § 523(a)(2)(A), it is Plaintiff's burden to prove that it falls within it. *Hunter* at 780 F.2d 1579.

**CONCLUSION**

Plaintiff made the strategic decision not to allege with specificity the fraudulent statements thy were accusing Defendant of making. Plaintiff chose not to have a court reporter transcribe the proceedings below. Plaintiff opted not to present the jury with a more detailed verdict form and failed to place the form that was used into the record. Finally, Plaintiff drafted, constructed, and tailored the Final Judgment exactly as they wanted it to read.

Plaintiff had every opportunity to create a record that clearly and accurately reflected the jury's findings and the judge's holding. Plaintiff's own failures to sufficiently document the outcome of the State Court litigation is what has created uncertainty in the record before this Court. That uncertainty should not now inure to Plaintiff's benefit, it should be resolved in the light most favorable to Defendant. Plaintiff has failed to meet their burden of clear and convincing evidence and therefore Plaintiff's request for relief must be denied and summary judgment entered in favor of Defendant.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on or before March 9, 2018, a true and correct copy of the foregoing was furnished via CM/ECF electronic notice to David A. Garside, 4040 Shoreside Cir., Tampa, FL 33624.

/s/ *Kenneth R. Case*
Kenneth R. Case, Esq.
FBN: 0073758
BROWN & ASSOCIATES LAW & TITLE, P.A.
11373 Countryway Blvd.
Tampa, FL 33626
T: (813) 289-8485
F: (813) 855-8485
E: courtdocuments@brownalt.com